935 P.2d 207

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Walter James COCHRAN, II, Defendant–Appellant.**

No. 22491.

Court of Appeals of Idaho.

Feb. 13, 1997.

Petition for Review Denied, April 24, 1997.

946

Patrick A. McMillen, Gooding, for Defendant–Appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, argued, Boise, for Plaintiff–Respondent.

PERRY, Judge.

Walter James Cochran, II, was found guilty by a jury of delivery of a controlled substance in violation of I.C. § 37–2732(a)(1)(B). Cochran received a four-year sentence, with a fixed eighteen-month term of incarceration. Cochran appeals from his judgment of conviction, and we affirm.

## I.

### BACKGROUND

B.B. began working as a confidential informant for the Blaine County Drug Task Force hoping to gain favorable consideration for pending criminal charges. In January 1995, B.B. made arrangements to purchase marijuana from Cochran. On February 2, 1995, an officer of the Blaine County Drug Task Force and B.B. went to a remote area where the officer searched B.B. and attached an audio transmitter (a wire) to B.B. The officer also provided B.B. with money to purchase the drugs. The officer then drove B.B. to a location near Cochran's residence and dropped him off. B.B. walked to Cochran's

residence and was let in by Cochran. Cochran retrieved several bags of marijuana from a desk in the living room and showed them to B.B. B.B. purchased one of the bags of marijuana for $300 and left. After returning to the officer's vehicle, B.B. gave the officer the marijuana and the remaining money. The officer again searched B.B. and removed the wire.

On March 31, 1995, a grand jury indicted Cochran on a charge of delivery of a controlled substance. On April 18, 1995, Cochran pled not guilty and a jury trial was scheduled. Following a two-day trial, the jury found Cochran guilty of delivery of a controlled substance. The district court imposed a unified term of incarceration of four years, with eighteen months fixed. Cochran appealed.

## II.

### ANALYSIS

On appeal, Cochran claims that the district court erred in: (1) denying his motion to dismiss the grand jury indictment; (2) denying his motion in limine to prevent testimony regarding the circumstances of his arrest; (3) denying his motion in limine to prevent testimony regarding his prior misdemeanor arrest record; and (4) denying his motion for dismissal for discovery violations. Cochran raises several other issues, which we have also reviewed and have determined to be without merit.

### A. Motion to Dismiss the Grand Jury Indictment

The district court initially imposed a pretrial motion cut-off date of May 16, 1995. The district court granted Cochran's motion for enlargement of time and extended the period for filing pretrial motions to June 5, 1995. On June 5, 1995, Cochran moved to dismiss the grand jury indictment. However, according to the court minutes of the hearing on June 19, 1995, Cochran voluntarily withdrew this motion. On July 18, 1995, the morning of the trial, Cochran again moved to dismiss the indictment. The district court denied the motion as untimely and also on the merits.

Cochran claims that the district court erred in denying his motion to dismiss the indictment. Cochran asserts that because of prosecutorial misconduct, the indictment should have been dismissed.

Idaho Criminal Rule 12 governs the filing of motions and provides, in part:

(b) Pretrial motions. Any defense objection or request which is capable of determination without trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the prior proceedings in the prosecution; or

(2) Defenses and objections based on defects in the ... indictment ...;

....

(d) Motion date. Motions pursuant to Rule 12(b) must be filed within twenty-eight (28) days after the entry of a plea of not guilty or seven (7) days before trial whichever is earlier. In felony cases, such motions must be brought on for hearing within fourteen (14) days after filing or forty-eight (48) hours before trial whichever is earlier. *The court in its discretion ... for good cause shown, or for excusable neglect, may relieve a party of failure to comply with this rule.*

....

(f) Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, or at the time set by the court pursuant to subsection (d), or prior to any extension thereof made by the court, shall constitute waiver thereof, *but the court for cause shown may grant relief from the waiver.*

(emphasis added). *See State v. Alanis,* 109 Idaho 884, 887, 712 P.2d 585, 588 (1985); *State v. Dice,* 126 Idaho 595, 597, 887 P.2d 1102, 1104 (Ct.App.1994) (I.C.R.12(d) clearly requires either good cause or excusable neglect to be shown by a party who has missed the prescribed deadlines.).

In this case, the district court's pretrial deadline was June 5, 1995. Because Cochran's motion to dismiss was untimely under

I.C.R. 12, Cochran was required to show good cause or excusable neglect to be relieved from compliance with this rule. Cochran's counsel argued before the district court that counsel had only recently discovered there was no audio tape of the drug transaction. However, in Cochran's June 5 motion to dismiss, he asserted that "it was a material fact that the State did not have a tape recording of the alleged transaction in spite of all the inferences of a wired confidential informant." This language demonstrates Cochran's counsel had knowledge on June 5 that the state did not have an audio tape. Consequently, Cochran has failed to establish good cause or excusable neglect on this basis.

Cochran raises other issues on appeal challenging the denial of this motion. Those issues, however, were not raised below and will not be considered on appeal. *See State v. Bowman,* 124 Idaho 936, 940, 866 P.2d 193, 197 (Ct.App.1993). Therefore, we hold that the district court did not abuse its discretion in denying Cochran's motion to dismiss the indictment.

## B. Motion in Limine to Prevent Testimony Regarding Cochran's Arrest

Cochran claims the district court abused its discretion in denying his motion in limine to prevent testimony from Jules Guyaz regarding Cochran's arrest. Guyaz was Cochran's roommate at the time of Cochran's sale of marijuana to the confidential informant, B.B., and was present when Cochran was arrested. His testimony was that the arresting officer found more marijuana in the same desk where B.B. said that Cochran was storing marijuana when B.B. made the buy. Cochran argues that the circumstances of his arrest, which occurred two months after the alleged transaction, were not relevant to whether Cochran had sold marijuana to B.B. Alternatively, Cochran argues that if the evidence was relevant, its probative value was substantially outweighed by its prejudicial effect.

■ Generally, under I.R.E. 404(b), evidence of other crimes, acts or wrongs is inadmissible for the purpose of showing a person's character to prove that he or she

acted in conformity therewith. *State v. Atkinson,* 124 Idaho 816, 818, 864 P.2d 654, 656 (Ct.App.1993), *cert denied.,* 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994). Evidence of other crimes, wrongs or acts may be admitted, however, when relevant for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident. I.R.E. 404(b); *State v. Zimmerman,* 121 Idaho 971, 977, 829 P.2d 861, 867 (1992). These other crimes, wrongs or acts can occur subsequent to the time of the offense at issue in the trial. MUELLER & KIRKPATRICK, EVIDENCE § 420 at p. 260 (1995). *See also State v. Tolman,* 121 Idaho 899, 905, 828 P.2d 1304, 1310 (1992); *State v. Greensweig,* 102 Idaho 794, 797–98, 641 P.2d 340, 343–44 (Ct.App.1982).

█ A two-tiered analysis is used to determine the admissibility of evidence concerning other crimes, wrongs or acts. *See Zimmerman,* 121 Idaho at 977–78, 829 P.2d at 867–68. First, the trial court must determine that the evidence is relevant. *Id.* Second, if the trial court finds that the evidence is relevant, it must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. I.R.E. 403; *Id.*

█ Whether evidence is relevant is an issue of law. *Atkinson,* 124 Idaho at 819, 864 P.2d at 657. Therefore, when considering a trial court's admission of I.R.E. 404(b) evidence, we exercise free review of the trial court's admissibility determination. *Id.* However, when reviewing the determination that the probative value of the evidence substantially outweighs the danger of unfair prejudice—the second tier of the analysis— we use an abuse of discretion standard. *Id.*

█ We first address whether the evidence of the arrest was relevant. At a hearing on Cochran's motion the morning the trial commenced, the state explained the relevance of Guyaz's testimony, focusing on corroborating B.B.'s testimony and rebutting Cochran's anticipated defenses. The district court denied Cochran's motion, finding that the evidence was relevant because "it show[ed] the intent. It show[ed] the identity, absence of mistake or accident." Although the evidence may have been relevant

for other reasons, we will review the district court's decision only under the theory or theories that it relied upon in making its I.R.E. 404(b) determination. *See State v. Medrano,* 123 Idaho 114, 119, 844 P.2d 1364, 1369 (Ct.App.1992). On review of the record, we conclude that Guyaz's testimony was relevant but not for the reasons offered by the district court. Consequently, assuming the district court then conducted the I.R.E. 403 balancing test, the district court considered the wrong relevance in determining whether the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. Therefore, we hold that the district court erred in admitting Guyaz's testimony.

█ Next, we address whether this was harmless error. An error is harmless if, and only if, the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. Boman,* 123 Idaho 947, 950–51, 854 P.2d 290, 293–94 (Ct.App.1993). Both B.B. and the officer involved in the undercover operation testified regarding the incident in question. B.B. testified that the officer searched him, gave him money and placed a wire on him. B.B. subsequently entered Cochran's residence where he purchased marijuana from Cochran. B.B. immediately returned to the officer's vehicle, where B.B. gave the officer the marijuana and the remaining money. The officer again searched B.B. and removed the wire. The officer's testimony paralleled B.B.'s. Although the officer did not observe the alleged drug transaction, he did see B.B. walk up to the building area where Cochran resided. The officer also saw B.B. leave this same area shortly thereafter, immediately returning to the officer's vehicle with the marijuana. We are convinced beyond reasonable doubt that the jury would have reached the same result absent the error. Thus, we hold that the district court's error in admitting Guyaz's testimony was harmless.

## C. Motion in Limine to Prevent Cochran's Prior Misdemeanor Arrest Record from Being Admitted if Cochran Testified

Cochran argues that the district court abused its discretion in ruling to allow the

state to produce evidence of Cochran's other acts and misdemeanor convictions involving marijuana if he testified. Cochran claims that he chose not to testify because the district court denied his motion in limine in this regard.

An appellate court will not review a trial court's alleged error unless the record discloses an adverse ruling which forms the basis for the assignment of error. *State v. Fisher,* 123 Idaho 481, 485, 849 P.2d 942, 946 (1993). Although the record before us indicates that the district court discussed the scope of cross-examination and the allowance of rebuttal witnesses should Cochran testify, the record does not indicate the district court adversely ruled on the issue Cochran now attempts to appeal. Cochran chose not to testify and the evidence was then never put at issue in the trial. Hence, we will decline to review this issue further.

### D. Motion for Dismissal

Cochran claims the district court abused its discretion in denying his motion for dismissal based on four discovery violations. First, Cochran claims the state misrepresented that the sheriff's office had no written policy regarding the use of confidential informants when there was a written policy which was disclosed during the officer's cross-examination. Second, Cochran asserts the state failed to disclose that the state did not have an audio tape which Cochran claims is exculpatory per se. Third, Cochran asserts that the state also failed to disclose the consideration B.B. received for his cooperation in the undercover operation. Finally, Cochran argues the state falsely misled the grand jury that there was marked money involved in the transaction.

Pursuant to I.C.R. 16(e)(2), the court is authorized to impose sanctions for discovery violations. *See State v. Marek,* 112 Idaho 860, 868, 736 P.2d 1314, 1322 (1987). The choice of an appropriate sanction for failure to comply with a discovery request is within the discretion of the trial court, and the trial

court's exercise of that discretion is beyond the purview of a reviewing court unless it has been clearly abused. *State v. Matthews,* 124 Idaho 806, 812, 864 P.2d 644, 650 (Ct.App. 1993).

### 1. Written policy

The district court found that the state should have disclosed there was a written policy regarding confidential information. However, the district court found that there did not appear to be any bad motive on the part of the prosecutor and that Cochran was not prejudiced. We agree with the district court that the policy should have been promptly disclosed, rather than surfacing during the officer's cross-examination. Likewise, however, we agree that Cochran was not prejudiced by this discovery violation. Thus, we conclude the district court did not abuse its discretion in this regard.

### 2. Audio tape

In response to discovery, the state replied that the audio tape was available for inspection at the prosecuting attorney's office upon reasonable request. Considering the audio tape did not exist, this response was misleading.[1] In view of the fact, however, that his counsel knew the audio tape did not exist prior to the time of trial, Cochran has failed to show how he was prejudiced. Further, Cochran's argument that the lack of an audio tape is exculpatory per se is without merit. If there was a discovery violation, because Cochran has failed to demonstrate that he was prejudiced by the violation, such error was harmless. *See e.g. Marek,* 112 Idaho at 868, 736 P.2d at 1322 (lack of showing prejudice from failure to comply with discovery request rendered error, if any, harmless); *State v. Phillips,* 117 Idaho 23, 27, 784 P.2d 353, 357 (Ct.App.1989).

### 3. Agreement with the confidential informant

At the grand jury proceeding, B.B. testified that he had been charged only with misdemeanor unlawful entry. Cochran later

---

1. The state did not disclose that the transmitting device used when B.B. purchased the marijuana from Cochran failed to operate properly, and

their conversation was not recorded. Essentially, then, the tape did not exist as represented.

moved to compel discovery, requesting a disclosure of the agreement with B.B. The state replied that the entire agreement had been fully disclosed on the record. However, at trial, B.B. testified that he was charged with felony forgery in connection with the unlawful entry charge. Further, B.B. admitted on cross-examination that he was also charged with petit theft. The district court found that there was no discovery violation concerning the agreement made between B.B. and the state. The district court found that if there was a discovery violation, there was no showing of prejudice to Cochran.

On review of the record, assuming without deciding that the state did commit a discovery violation, Cochran has failed to show how he was prejudiced by this violation because all the charges against B.B. were brought out on cross-examination in front of the jury. Thus, any error on the part of the district court was harmless. *See e.g. Marek,* 112 Idaho at 868, 736 P.2d at 1322; *Phillips,* 117 Idaho at 27, 784 P.2d at 357.

### 4. Marked money

The district court found that the state did not fail to make a proper discovery response in regards to the lack of marked money in Cochran's possession. In light of the fact that there was no marked money to be discovered, and the state never represented in response to discovery that marked money was found on Cochran, we conclude the district court did not err in this regard.

### III.

### CONCLUSION

We hold that the district court did not err in denying Cochran's motion to dismiss the grand jury indictment. We hold that the district court erred in admitting testimony regarding the circumstances of Cochran's arrest, but such error was harmless. We decline to review Cochran's allegation that the district court erred in denying his motion in limine to prevent testimony regarding his prior misdemeanor arrest record because we conclude that the district court did not adversely rule on this issue. We hold that the district court did not err in denying Coch-

ran's motion for dismissal. Finally, we conclude that the remaining issues raised by Cochran are without merit. Therefore, Cochran's judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.