6 P.3d 840

STATE of Idaho, Plaintiff–Respondent,

v.

Cody Miller WILLIAMS, Defendant–Appellant.

No. 25448.

Court of Appeals of Idaho.

July 12, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Susan R. Brindle, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

On appeal from his judgment of conviction for possession of methamphetamine and possession of drug paraphernalia, Cody Miller Williams contends that the district court erred in denying his motion for a mistrial. The motion was based upon the admission of

evidence that Williams had used controlled substances in the past. Because we conclude that the challenged evidence was relevant to and admissible on the drug paraphernalia charge, we hold that the trial court did not err in denying the motion for a mistrial.

## BACKGROUND

In the early morning hours of June 9, 1997, Officer Harold Smith of the Boise Police Department stopped Williams and a companion for jaywalking. According to Officer Smith's subsequent trial testimony, as he approached Williams, Smith could see that Williams was holding an object in his right hand and had his left hand in his pants pocket. The officer asked Williams to drop the object in his right hand and to remove his left hand from his pocket. When Williams refused to follow that instruction, the officer grabbed him and forced him to the ground. Officer Smith testified that as he was taking Williams down, he saw Williams remove a black object from his left pants pocket and throw it on the ground. Smith placed Williams under arrest for resisting and obstructing an officer and then retrieved the item that he had seen Williams remove from his pocket and throw away. This item was a small black pouch with a small spoon attached to it. Inside the pouch was a glass vial containing a white powder that was later determined to be methamphetamine. Officer Smith then searched Williams and discovered a syringe in his left front pocket. Williams was ultimately charged with possession of methamphetamine, I.C. § 37–2732(c), and possession of drug paraphernalia, I.C. § 37–2734A.

At trial, Officer Smith testified to the foregoing events, and Williams elected to testify in his defense. On direct examination, Williams denied having removed or discarded anything from his left pocket when confronted by Officer Smith, denied that the black pouch or its contents had belonged to him, and said that he first saw the pouch when officers were handling it after Williams had been arrested. On cross-examination, Williams acknowledged that he did have a syringe in his pants pocket. The following exchange then took place:

| [Prosecutor]: | Q: What was the syringe for?<br>A: I have in the past used—been addicted to drugs and—<br>Q: So when did you use drugs that day? |
| --- | --- |
| [Defense]: | Objection, Your Honor. |
| [Witness]: | I hadn't used drugs that day. |
| [Court]: | I think that the prior answer opened the door. The question is:<br>When did you use drugs that day?<br>And I'm going to overrule the objection and allow the defendant to answer. |
| [Witness]: | I hadn't used drugs that day. |
| [Prosecutor]: | Q: But you know what methamphetamine is, don't you?<br>A: Yes, I do. Form of speed.<br>Q: Have you used methamphetamine? |
| [Defense]: | Objection, Your Honor. |
| [Court]: | I'll overrule the objection. |
| [Witness]: | I haven't used methamphetamine since I was a juvenile. |
| [Prosecutor]: | But you have used it? |
| [Defense]: | Objection, Your Honor. This is totally improper. It's not anything—I'd like to be heard outside the presence, please. |
| [Witness]: | I do believe I just answered that question. |
| [Court]: | I'll tell you what, I'm going to overrule the objection ... because of the nature of the two charges. I think it's relevant and I think that the answer that the defendant gives is up to him. So I'm going to overrule the objection. And I believe the question was—[prosecutor], if you'd please restate. |
| [Prosecutor]: | The question was: You have used methamphetamine, haven't you?<br>A: Yes, I have. |

At the conclusion of the evidence, defense counsel moved for a mistrial on the ground that the evidence elicited by the prosecutor about Williams' prior drug use was inadmissible under Idaho Rule of Evidence 404. The trial court denied the motion, stating that the evidence to which defense counsel had objected was relevant "to knowledge on the drug paraphernalia charge." The jury returned a verdict finding Williams guilty on both charges.

On appeal, Williams challenges the denial of his motion for a mistrial. He contends that a mistrial was warranted because the evidence of his prior drug use was admitted in violation of I.R.E. 404.

## ANALYSIS

Upon the motion of a defendant, a mistrial may be declared "when there occurs during the trial an error or legal defect in the proceedings ... which is prejudicial to the defendant and deprives the defendant of a

fair trial." Idaho Criminal Rule 29.1(a). Our standard for reviewing the denial of a motion for a mistrial has been expressed as follows:

[T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983). *See also State v. Shepherd,* 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct.App.1993). Here, the event that precipitated the mistrial motion was the allowance of the prosecutor's questions asking Williams about his prior experience with controlled substances. Therefore, we examine the admissibility of the evidence thus elicited.

According to Williams, the challenged testimony was character evidence inadmissible under I.R.E. 404(a) and was also improper evidence of other crimes that should have been excluded under I.R.E. 404(b). Rule 404(a) provides that, subject to exceptions that are not applicable here, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion." Rule 404(b) provides that evidence of other crimes, wrongs or acts "is not admissible to prove the character of a person in order to show that the person acted in conformity therewith," but may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

██ A two-tiered analysis is employed to determine the admissibility of evidence of other crimes or misconduct. First, the trial court must determine whether the evidence is relevant and, if so, the court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *State v. Cochran,* 129 Idaho 944, 948, 935 P.2d 207, 211 (Ct.App.1997); *State v. Roach,* 109 Idaho 973, 974, 712 P.2d 674, 675 (Ct.App.1985). On appeal, we exercise free review of the trial court's determination of relevancy, but we use an abuse of discretion standard of review when considering the trial court's balancing of the probative value of the evidence against the danger of unfair prejudice. *Cochran, supra.*

██ We agree with the trial court's determination that evidence of Williams' prior drug use was not made inadmissible by Rule 404(a) or (b). The exclusionary provisions of these rules are inapplicable because the evidence of Williams' drug use was not presented to show his character or to show that he acted in conformity with a particular trait of character. Rather, the challenged evidence was relevant to prove the specific intent element of the charged offense of possession of drug paraphernalia. The statute under which Williams was charged, I.C. § 37-2734A(1), describes the offense as follows:

It is unlawful for any person to use, or to possess *with intent* to use, drug paraphernalia to ... manufacture, compound, convert, produce, process, prepare, ... contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. (Emphasis added.)

The information charged that Williams "did possess with the intent to use drug paraphernalia, to wit: a spoon to prepare a controlled substance for intravenous use." Thus, in order to establish Williams' guilt of this offense, the State was required to prove not only that he possessed the small spoon in question but that he had intended to use it to prepare a controlled substance for intravenous introduction into the human body. Evidence of Williams' familiarity with methamphetamine and his past use of the substance

was probative of such intent. The fact that Williams had previously used methamphetamine made it more likely that he possessed the spoon with the intent to use it to inject methamphetamine rather than for some other, innocent purpose.

Despite this relevance, the evidence of Williams' previous drug use could have been excluded by the trial court upon a conclusion that its probative value was outweighed by the risk of unfair prejudice. *See* I.R.E. 403. However, in this case any potential unfair prejudice from the evidence to which defense counsel objected was minimal. Before the challenged questions were asked, Williams had already volunteered that he had used and been addicted to drugs in the past. The prosecutor initially asked, "What was the syringe for?" This question did not inquire about Williams' past activities, and it was plainly directed to the intent element of the paraphernalia offense. No objection was made to the question. Williams' response was, "I have in the past used—been addicted to drugs ...." It was only after that response, which informed the jury that Williams not only had experience using controlled substances but had been addicted, that the prosecutor began asking specifically about Williams' past use of controlled substances. Williams' responses to the subsequent questions, to which defense counsel objected, did little more than reiterate what the jury had already learned from Williams' voluntary acknowledgement of a history of drug use and addiction. Any possible unfair prejudice to Williams from these follow-up questions was therefore insubstantial.

Accordingly, we conclude that the district court did not err in admitting the challenged evidence. It follows that Williams' motion for a mistrial, grounded on his claim that the evidence was erroneously admitted, was properly denied by the district court.

The order of the district court denying Williams' motion for a mistrial is affirmed.

Chief Judge PERRY concurs.

Judge SCHWARTZMAN, Specially Concurring.

I concur in the result reached in this case, on the basis that the disputed line of inquiry

was raised on cross-examination of the defendant after he had opened the door by way of his defense. I would not permit the state to use this type of evidence in its case-in-chief.