106 P.3d 474

STATE of Idaho, Plaintiff–Respondent,

v.

Pamela Alice MILLER, Defendant–
Appellant.

No. 29925.

Court of Appeals of Idaho.

Nov. 16, 2004.

Review Denied Feb. 23, 2005.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Pamela Alice Miller appeals from the judgment of conviction entered after a jury found her guilty of possession of methamphetamine. She challenges the district court's admission of trial evidence that disclosed that Miller had been on misdemeanor probation. We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller was a passenger in a car that was involved in a traffic stop. During the stop, one of the police officers discovered that Miller was the subject of an outstanding arrest warrant. She was arrested, and the police officers searched the car. On the floorboard directly beneath Miller's seat, the officers found a bindle of methamphetamine. The paper bindle was made from a receipt that was titled "misdemeanor probation," was issued to "Pamela Miller," and was dated a few days prior to the traffic stop.

Miller was charged with possession of methamphetamine, Idaho Code § 37–2732(c)(1). On the day of trial, she moved to prohibit the State from introducing into evidence the receipt in which the methamphetamine had been packaged or, in the alternative, to redact the words "misdemeanor probation" from the receipt. Miller argued that this evidence disclosing that she was on probation for a misdemeanor was not relevant and, as evidence of a prior bad act, it was barred by Idaho Rule of Evidence 404(b). Miller also argued that in an unredacted form the receipt was unfairly prejudicial and therefore should be disallowed under I.R.E. 403. The district court denied Miller's motion, holding that the evidence was relevant to identify Miller as the owner of the methamphetamine and that the possi-

bility of prejudice did not outweigh the probative value of the evidence. At trial, Miller again objected to the admission of the receipt, this time arguing that it was hearsay. The district court overruled the objection. The jury found Miller guilty of the charged crime, and she now appeals.

# II.

## ANALYSIS

### A. Hearsay Objection

Miller first contends that the district court erred in failing to hold that the receipt was hearsay to which none of the hearsay exceptions apply. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). *See also State v. Cox*, 136 Idaho 858, 861, 41 P.3d 744, 747 (Ct.App.2002); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App.1994). A "statement" under this rule, may consist of, among other things, an oral or written assertion. I.R.E. 801(a); *State v. Salinas*, 134 Idaho 362, 365, 2 P.3d 747, 750 (Ct.App.2000). Hearsay evidence is inadmissible unless an applicable exception is provided in the Rules of Evidence. I.R.E. 802.

■■■ We conclude that the district court correctly overruled Miller's hearsay objection because the receipt was not offered "for the truth of the matter asserted" and therefore did not meet the definition of hearsay for purposes of this trial. The receipt, taken as a whole, does constitute an assertion that a specified sum had been paid by Miller for a purpose related to misdemeanor probation. The receipt was not offered by the State to prove such payment, however. Whether Miller had actually made the indicated payment was irrelevant and of no consequence to the State in this prosecution. Rather, the receipt bearing Miller's name was used as circumstantial evidence tying her to the methamphetamine that was wrapped within the receipt. This case involved the issue of constructive possession, which required that the State show a "nexus between the accused and the substance ... so as to give rise to the reasonable inference that the accused

was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance." *State v. Rogerson,* 132 Idaho 53, 58, 966 P.2d 53, 58 (Ct.App.1998) (quoting *State v. Rozajewski,* 130 Idaho 644, 647, 945 P.2d 1390, 1393 (Ct. App.1997)). The receipt that formed the bindle was evidence of the necessary nexus between the methamphetamine and Miller.

Several courts have held that, when used for such purpose, a receipt is not hearsay. For example, in *United States v. Mejias,* 552 F.2d 435 (2nd Cir.1977), the government introduced, among other things, a hotel receipt and a luggage invoice seized from the defendant upon his arrest. The Second Circuit upheld the lower court's determination that the receipt and invoice were not hearsay:

> These documents were not offered to prove either the payment of a hotel bill or the purchase of a piece of luggage, but were circumstantial evidence of [the defendant]'s connection with the Skyline Motor Inn and the attaché case seized therefrom.... Because these documents were not offered to prove the truth of their contents, they were not hearsay, Fed. R.Evid. 801(c); and the jury could consider them circumstantially to corroborate other evidence in the case.

*Id.* at 446. In *United States v. Mazyak,* 650 F.2d 788, 792 (5th Cir.1981), the court held that receipts for repair work, a hotel room, and fuel were not hearsay because they were not offered to prove the truth of the matter asserted—that the payments were made— but were instead offered as circumstantial evidence tying defendants to the crime. Likewise, in *United States v. Marino,* 658 F.2d 1120, 1124 (6th Cir.1981), it was held that documents, including airline tickets and receipts, were not excludable as hearsay because they were admitted only to show the circumstantial relationship of the parties to the scene, the contraband or other parties.

Because the prosecutor in Miller's trial did not offer the receipt to prove the truth of its contents, the district court correctly held that it was not hearsay.

## B. Objection Under Rules 404(b) and 403

■ Miller also maintains that the district court erred in denying her motion in limine seeking, at the least, redaction of the words "misdemeanor probation" from the receipt. Miller argues that the receipt without redaction constituted evidence of other misconduct, which is inadmissible under I.R.E. 404(b). That rule specifies that evidence of misconduct that is not the subject of the litigation is generally inadmissible when offered "to prove the character of a person in order to show action in conformity therewith." Such evidence is nevertheless admissible when introduced for other legitimate purposes, such as proof of identity. I.R.E. 404(b); *State v. Porter,* 130 Idaho 772, 783, 948 P.2d 127, 138 (1997); *State v. Nichols,* 124 Idaho 651, 655, 862 P.2d 343, 347 (Ct. App.1993). In determining the admissibility of evidence of other misconduct, this Court freely reviews the trial court's legal determination that the evidence is relevant for a purpose other than proof of bad character and conforming conduct. *State v. Tapia,* 127 Idaho 249, 254, 899 P.2d 959, 964 (1995); *State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). If such relevance is found, we will then apply an abuse of discretion standard to review the trial court's determination that the probative value of the evidence was not outweighed by unfair prejudice. *State v. Dragoman,* 130 Idaho 537, 544–45, 944 P.2d 134, 141–42 (Ct.App.1997); *State v. Canelo,* 129 Idaho 386, 393, 924 P.2d 1230, 1237 (Ct.App.1996).

■ We conclude that the district court did not err in admitting the receipt without redacting "misdemeanor probation." The notation that the receipt was related to misdemeanor probation bore some probative value in establishing the identity of the owner of the bindle of methamphetamine; it showed that the receipt was a significant record for the owner and likely would not be casually given away or discarded. Rule 404(b) therefore did not require redaction or exclusion of the receipt.

■ Lastly, we must consider whether the district court abused its discretion in determining that the probative value of the receipt was not substantially outweighed by the pos-

sibility of unfair prejudice. *See* I.R.E. 403. In so holding, the district court explained:

> [T]he court is going to take the position that although there may be some prejudice with the reference to misdemeanor probation, that I don't believe that it is significant enough to constitute unfair prejudice or confusion or misleading the jury. It isn't an indication it's for a drug crime. It says "Misdemeanor," which I think puts it in a different category.
>
> And so the other aspect of it is, as far as the issue of identification, is that unlike just any kind of receipt or a receipt—like junk mail or something that may have a person's name on it, the nature of this would be something that would arguably be more unique to possession of a particular individual. So you have your own probation receipts. It's a kind of document you'd keep track of.
>
> So I think that it's a balancing. And for the reasons that I've stated, I am going to not exclude it on that ground.

The district court thoroughly considered this issue and resolved it through an exercise of reason and within the bounds of its discretion. *See State v. Hoover,* 138 Idaho 414, 419, 64 P.3d 340, 345 (Ct.App.2003); *State v. Teasley,* 138 Idaho 113, 117, 58 P.3d 97, 101 (Ct.App.2002). Therefore we find no abuse of discretion in the trial court's conclusion that the probative value of the receipt was not outweighed by any unfair prejudice.

### III.

### CONCLUSION

The district court did not err in overruling Miller's hearsay objection to the misdemeanor probation receipt nor in concluding that redaction of the reference to misdemeanor probation was necessary to avoid violation of I.R.E. 404(b) or 403. Accordingly, Miller's judgment of conviction is affirmed.

Judge PERRY and Judge GUTIERREZ concur.