**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50780**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 17, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMY FAYE GRECO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Madison B. Allen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Amy Faye Greco appeals from her judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours, a police officer was patrolling a business area in Boise. In the back parking lot of a closed business complex, he saw Greco and another person (later identified as her nephew) walking away from the rear of Greco's parked vehicle. Greco and her nephew claimed they were dumpster diving but there were no dumpsters nearby. The officer discovered a shattered methamphetamine pipe along with some small shards of suspected methamphetamine near where Greco and her nephew had been observed. The shattered pipe was covered by a single

1

blue glove. The officer found a matching blue glove on the passenger's seat of Greco's vehicle in plain sight.[1] Eventually, Greco said she would "take the charge" for the pipe but also maintained her innocence, claiming that she just wanted to move on with her night. In response to the officer's questions, Greco at first denied ever using methamphetamine and claimed that she "just used marijuana and alcohol." The officer then asked when Greco last used methamphetamine, and she responded that it had been a couple of years ago. In response to another question, she stated that she normally smoked it. Greco was charged with possession of methamphetamine, possession of drug paraphernalia, and destruction of evidence.[2] An amended information added a persistent violator enhancement.

Before trial, the State filed a notice of intent to present evidence under I.R.E. 404(b) that it intended to present evidence of Greco's statements "denying ever using methamphetamine, and later admissions to having smoked it before." After a hearing, the district court allowed the evidence to be admitted at trial. At trial, the officer testified that Greco initially denied having ever used methamphetamine but later admitted that she smoked it "in the past." A jury found Greco guilty of possession of methamphetamine (I.C. § 37-2732(c)) and possession of a controlled substance (I.C. § 37-2734A). Greco admitted the persistent violator sentencing enhancement. I.C. § 19-2514. Greco appeals.

## II.

## STANDARD OF REVIEW

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

---

[1]  Greco claimed that her gloves were pink and blue. The officer found two pink gloves on the driver's side of her vehicle.

[2]  The destruction of evidence charge was dismissed at the preliminary hearing.

# III.

## ANALYSIS

On appeal, Greco asserts the district court abused its discretion when it admitted evidence of her prior drug and alcohol use at trial. The State responds that the district court's decision to admit the evidence was proper. We hold that Greco has failed to show the district court abused its discretion in admitting evidence of her prior drug and alcohol use.

Idaho Rule of Evidence 404(b), provides, in part:

> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses; notice in a criminal case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). This Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Greco does not challenge the existence of her prior drug use as an established fact. Therefore, we address only the relevancy and unfair prejudice prongs.

3

## A.      Relevancy of Prior Methamphetamine Use

We first consider whether evidence of Greco's prior use of methamphetamine[3] is relevant to a material and disputed issue concerning the crime charged, other than propensity.  Whether

---

[3]      In addition to the evidence of prior use of methamphetamine, Greco argues that evidence of her prior use of alcohol and marijuana should have been excluded.  The State's notice of intent to present Rule 404(b) evidence referred to Greco's "statements to law enforcement regarding her addiction to, and use of, illegal substances, including but not limited to [Greco's] statement to law enforcement denying ever using methamphetamine, and later admissions to having smoked it before."  There was no mention of alcohol or marijuana in the notice.  Greco's objection to the notice included a reference to marijuana and alcohol but only in the context of Greco's initial denial of the use of methamphetamine--that she had used drugs when she was younger but only alcohol and marijuana.  Neither counsel mentioned alcohol or marijuana in arguing the Rule 404(b) issue.  The district court's order on the State's Rule 404(b) notice only referred to marijuana and alcohol in the context of Greco's initial denial of methamphetamine use.  At trial, the officer testified on direct examination that, when he first asked Greco if she used methamphetamine, she responded that she used marijuana and alcohol:

> Q.      When you initially asked her if she was a user of methamphetamine, did she admit that she used other substances?
> A.      Yeah.  She told me--on the first round she told me she used just marijuana and alcohol.
> Q.      So she specifically omitted having used methamphetamine in her past?
> A.      Correct.
> Q.      At what point did you ask her again?
> A.      Just a few minutes later during the same interview.
> Q.      Why did you ask her again?
> A.      I usually will re-ask questions sometimes or rephrase questions, just part of interviewing people, one, to see if I'm getting the truth or, two, to see if any information changes; things like that.
> Q.      Then the second time you asked her, what was it that you asked her?
> A.      I asked her when the last time she used methamphetamine was.
> Q.      What did she tell you in response to that?
> A.      That it had been a couple of years.
> Q.      So, she then changed her story to say she had used methamphetamine before?
> A.      Correct.
> Q.      Did you ask her, when she admitted to having smoked methamphetamine, how it was that she smoked or used methamphetamine?
> A.      Yeah.  I asked her, how did you use it back when you used; she said that she normally smoked it.

There was no objection to this testimony nor were alcohol or marijuana mentioned again during the trial.  This issue is not preserved.  Issues not raised below will not be considered by this Court

evidence is relevant is an issue of law. *State v Cochrane*, 129 Idaho 944, 948, 935 P.2d 207, 211 (Ct. App. 1997). Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. I.R.E. 401. Greco was charged with possession of methamphetamine and possession of drug paraphernalia. The district court observed that possession of a controlled substance is a general intent crime, meaning that the State was required to prove that Greco knowingly possessed a controlled substance--that the defendant had knowledge of the presence of a drug. *See State v. Seitter*, 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995). The district court also noted that I.C. § 37-2734A(1) provides that it is unlawful for a person to use, *or possess with intent to use*, drug paraphernalia to introduce a controlled substance into the human body. Thus, the district court reasoned that Greco's prior use of methamphetamine was relevant to prove both her knowledge that the substance found with the pipe was methamphetamine and her intent to use the pipe to smoke methamphetamine.

In reaching this conclusion the district court relied upon *State v. Cardoza*, 155 Idaho 889, 318 P.3d 658 (Ct. App. 2014) (methamphetamine found in vehicle owned by defendant in another state relevant to knowledge and control of methamphetamine found in vehicle he was driving in Idaho) and *State v. Williams*, 134 Idaho 590, 6 P.3d 840 (Ct. App. 2000) (previous use of methamphetamine is relevant to prove specific intent element of possession of drug paraphernalia). The district court also relied upon *State v. Pullin*, 152 Idaho 82, 266 P.3d 1187 (Ct. App. 2011) (two pipes and methamphetamine residue found in vehicle were relevant to defendant's knowledge of his possession of methamphetamine found on his person).

Greco argues that her prior use of methamphetamine was not relevant to any issue other than propensity. She cites *State v. Fox*, 170 Idaho 846, 517 P.3d 107 (2022). In that case, during a search of Fox's car, officers found drugs and drug paraphernalia. Fox was charged with possession of methamphetamine and marijuana, along with other nondrug related charges. Two days later, officers found methamphetamine, marijuana, and paraphernalia at Fox's house. The State asserted that the drug evidence found at Fox's house was probative of his knowledge of the

---

on appeal, and the parties will be held to the theory upon which the case was presented to the lower court. *State v. Garcia-Rodriguez*, 162 Idaho 271, 276, 396 P.3d 700, 705 (2017). Therefore, we only address the issue of Greco's prior use of methamphetamine.

contraband in his car. The district court admitted the evidence over Fox's objection, ruling that the evidence was relevant to the question of Fox's knowledge of the contraband in his car and was not unfairly prejudicial. On appeal, the Idaho Supreme Court held that the evidence was not admissible because the State failed to prove that it was relevant for a nonpropensity purpose. The Court held:

> We do not agree that evidence that Fox had "similar" items at his home was relevant to establishing Fox's state of mind concerning the items found in his vehicle two days earlier. While the State argued that the evidence was not being offered for propensity, the State's only argument offered at trial in support of admission was essentially that if Fox had drugs and paraphernalia at his home, then he knew he had drugs and paraphernalia in his car two days earlier. This is a propensity purpose.

*Id.* at 862, 517 P.3d at 123. The Court, however, went on to hold that the admission of the evidence was harmless error. Greco argues that *Fox* has implicitly overruled prior cases such as *Williams* and *Cardoza.* We disagree. The *Fox* decision simply rejected the State's argument that, if Fox had drugs and paraphernalia at his home, he knew he had drugs and paraphernalia in his car two days earlier.

This case is distinguishable from *Fox.* One important difference between this case and *Fox* is timing. In *Fox*, the State introduced evidence of the defendant's possession of drugs two days *after* he was charged with possession to support an inference of knowledge and intent at the time the crime was committed. To be clear, subsequent acts may be admissible under I.R.E. 404(b). *See*, *e.g.*, *State v. Tapia*, 127 Idaho 249, 899 P.2d 959 (1995) (holding subsequent acts of sexual intercourse with victim admissible to show common scheme or plan). In *Fox*, however, it appears that the Supreme Court was unwilling to permit the logical leap of inferring the defendant's state of mind at the time the crime was committed from evidence of acts after the crime was committed--at least without evidence other than the mere presence of drugs at the defendant's home. Another difference between this case and *Fox* is that here the evidence was offered, at least in part, to prove Greco's intent to use the methamphetamine pipe for smoking methamphetamine and not simply for knowledge and a general intent to possess. *Williams* and *Cardoza* provide authority for the district court's finding that evidence of Greco's prior use of methamphetamine was relevant to prove Greco's knowledge that the substance found with the pipe was methamphetamine and her intent to use the pipe to smoke methamphetamine. Thus, Greco has

6

failed to show the district court erred in ruling that the evidence was relevant and admissible for that purpose.

**B.      Probative Value vs. Danger of Unfair Prejudice**

We next consider the district court's finding that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The district court's finding on this issue will not be disturbed unless we find an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Here, the district court recognized the issue as one of discretion and relied upon relevant authority to reach its decision. The district cited *Jones*, 167 Idaho 353, 470 P.3d 1162 (holding that the district court did not abuse its discretion allowing defendant's parole status to go to the jury where defendant was convicted of trafficking in heroin and possession of drug paraphernalia); *State v. Miller*, 141 Idaho 148, 106 P.3d 474 (Ct. App. 2004) (holding that evidence that a defendant was on probation was not considered unduly prejudicial and was relevant to identify defendant as the owner of the methamphetamine); *State v. Garza*, 112 Idaho 778, 735 P.2d 1089 (Ct. App. 1987) (holding that the probative value outweighed any prejudice to the defendant who denied knowledge of marijuana found in his residence); and *State v. Palmer*, 110 Idaho 142, 715 P.2d 355 (Ct. App. 1985) (holding that evidence was properly admitted where defendant claimed to not have known about any controlled substances in his residence). The district court recognized that evidence is not unfairly prejudicial simply because it is damaging to a defendant's case but that evidence is unfairly prejudicial when it suggests a decision on an improper basis.

Further the district court noted that evidence is unfairly prejudicial when its probative value is outweighed by the danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial. *See State v. Stoddard*, 105 Idaho 533, 537, 670 P.2d 1318, 1322 (Ct. App. 1983). Applying applicable legal standards and exercising reason, the district court found that the relevance of the evidence was not substantially outweighed by the prejudice argued by Greco. Finally, to ameliorate any possible undue prejudice,

the district court instructed the jury that the Rule 404(b) evidence could not be considered to prove Greco's character or disposition to commit crimes but only for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Greco has not shown the district court abused its discretion in ruling that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

## IV.

## CONCLUSION

Greco has failed to show that the district court erred in admitting evidence of her prior use of methamphetamine. Thus, Greco's judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.