# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51143

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DANIEL EDWARD INWOOD,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 23, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment for trafficking in methamphetamine, possession of drug paraphernalia, and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Daniel Edward Inwood appeals from his judgment of conviction for trafficking in methamphetamine, possession of drug paraphernalia, and being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped a truck driven by Inwood for exceeding the posted speed limit. Another officer arrived at the scene with his drug dog. From the exterior of the truck, the dog alerted, which indicated the presence of drugs inside the truck. A search disclosed marijuana, ziplock baggies, a pipe with an attached tube, two bags of methamphetamine totaling 41.66 grams, a digital scale with methamphetamine residue, and approximately $3000 in cash. During the search, Inwood admitted to one of the deputies that he had recently used narcotics, specifically within

weeks. After being informed of his *Miranda*[1] rights, Inwood also admitted that the substance in the bags was methamphetamine and that he had purchased it in Idaho that day. The stop and interaction between Inwood and the officers were recorded on the officers' body cameras. On the first day of trial and prior to jury selection, Inwood moved for exclusion of the portion of the video recording showing his admission to prior drug use. During the brief argument on the motion, neither Inwood nor the State referred to I.R.E. 404(b). Inwood argued that the admission was made in response to the officer's questions and prior to the *Miranda* warnings, and the State argued that Inwood was not in custody. The district court recognized that Inwood's admission of prior drug use was likely I.R.E. 404(b) evidence and asked the State why no prior notice had been given as required by I.R.E. 404(b)(2). The State responded that it did not view the admissions as I.R.E. 404(b) evidence but circumstantial evidence of knowledge and intent. The district court then ruled that the State had shown good cause on the issue of prior notice and denied Inwood's motion after conducting an analysis as required by I.R.E. 403 and 404(b).

At trial, the portion of the video showing Inwood's admission to prior drug use was admitted. The video shows the following exchange between Inwood and the officer:

| | |
|---|---|
| Officer: | When was the last time you used it? |
| Inwood: | Uh [inaudible]. |
| Officer: | Like, give me a, a week, a day? |
| Inwood: | Yeah. |
| Officer: | Which one? |
| Inwood: | It's been, like, weeks. |
| Officer: | It's been weeks? |
| Inwood: | Yeah. |

After the video was published to the jury, the officer testified that he asked Inwood if he used narcotics and Inwood responded that he had used narcotics in the last two weeks. The district court overruled Inwood's renewed I.R.E. 404(b) objection.

Inwood was found guilty of trafficking in methamphetamine and possession of drug paraphernalia. He admitted being a persistent violator. Inwood appeals arguing that the district court abused its discretion in admitting the evidence of prior drug use.

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## II.

## STANDARD OF REVIEW

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Inwood does not challenge the existence of his prior drug use as an established fact. Therefore, we address only the relevancy and unfair prejudice issues. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Inwood argues that evidence of his prior drug use was not relevant to a non-propensity purpose and should have been excluded under I.R.E. 404(b). Idaho Rule of Evidence 404(b) provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

3

(2) Permitted Uses; notice in a criminal case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, the prosecutor must:

(A) file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

In order for Inwood to be found guilty of trafficking in methamphetamine, the State was required to prove, beyond a reasonable doubt, that Inwood possessed methamphetamine, knew the substance was methamphetamine, and possessed at least 28 grams of methamphetamine. I.C. § 37-2732B(a)(4). In order for Inwood to be found guilty of possession of drug paraphernalia, the State was required to prove, beyond a reasonable doubt, that Inwood possessed a digital scale, and intended to use the scale to prepare a controlled substance for later introduction into the human body. *See* I.C. § 37-2734A. The jury was instructed accordingly. The jury was instructed following the language in I.C.J.I. 421 that a person has "possession" of something if the person "knows of its presence and has physical control of it" or "has the power and intention to control it" and that "more than one person can be in possession of something if each knows of its presence and has the power and intention to control it." *See State v. Spencer*, 169 Idaho 505, 511, 497 P.3d 1125, 1131 (2021). In overruling Inwood's objection to admission of his statement regarding his recent drug use, the district court concluded that the evidence was relevant for a proper non-propensity purpose--to prove that Inwood knowingly possessed methamphetamine and that he possessed the scale with the intent to use it to prepare methamphetamine for use. In making this determination, the district court relied upon *State v. Williams*, 134 Idaho 590, 6 P.3d 840 (Ct. App. 2000)--a case in which we held that a defendant's prior methamphetamine use was relevant

to prove that he possessed paraphernalia (a small spoon) "with the intent to use it to inject methamphetamine rather than for some other, innocent purpose." *Id.* at 593, 6 P.3d at 843.

Inwood argues that *State v. Fox*, 170 Idaho 846, 517 P.3d 107 (2022) effectively abrogates *Williams* or that *Williams* should be limited to its facts. In *Fox*, during a search of the defendant's car, officers found drugs and drug paraphernalia. Fox was charged with possession of methamphetamine and marijuana and other nondrug charges. Two days later, officers found methamphetamine, marijuana, and paraphernalia at Fox's house. The State asserted that the drug evidence found at Fox's house was probative of his knowledge of the contraband in his car. The district court admitted the evidence over Fox's I.R.E. 404(b) objection, ruling that the evidence was relevant to the question of Fox's knowledge of the contraband in his car and was not unfairly prejudicial. On appeal, the Idaho Supreme Court held that the evidence was inadmissible because the State failed to prove that it was relevant for a non-propensity purpose. The Court held:

> We do not agree that evidence that Fox had "similar" items at his home was relevant to establishing Fox's state of mind concerning the items found in his vehicle two days earlier. While the State argued that the evidence was not being offered for propensity, the State's only argument offered at trial in support of admission was essentially that if Fox had drugs and paraphernalia at his home, then he knew he had drugs and paraphernalia in his car two days earlier. This is a propensity purpose.

*Fox*, 170 Idaho at 862, 517 P.3d at 123.

An important difference between *Williams* and *Fox* (and this case) is timing. In *Fox*, the State introduced evidence of the defendant's possession of drugs two days *after* he was charged with possession to support an inference of knowledge and intent at the time the crime was committed. To be clear, subsequent acts may be admissible under I.R.E. 404(b). *See*, *e.g.*, *State v. Tapia*, 127 Idaho 249, 899 P.2d 959 (1995) (holding subsequent acts of sexual intercourse with victim admissible to show common scheme or plan). In *Fox*, however, it appears that the Supreme Court was unwilling to permit the logical leap of inferring the defendant's state of mind at the time the crime was committed from evidence of acts after the crime was committed--at least without evidence other than the mere presence of drugs at the defendant's home. Another difference between *Williams* and *Fox* is that, in *Williams*, the evidence was offered to prove Willaim's intent to use the methamphetamine and not simply for knowledge and a general intent to possess. Thus, *Williams* provides authority for the district court's finding that evidence of Inwood's prior drug

use was relevant to prove his knowledge that the substance he possessed was methamphetamine and his intent to use the scales. *See also State v. Cardoza*, 155 Idaho 889, 893, 318 P.3d 658, 662 (Ct. App. 2014) (holding that evidence of methamphetamine in a vehicle registered to defendant found at a nearby location in another state relevant to support an inference of knowledge and control of methamphetamine found in vehicle driven by him in Idaho). We decline to limit the application of *Williams* because it is not inconsistent with *Fox.* Therefore, Inwood has failed to show error in the district court's determination that his admission to prior drug use was relevant to a material and disputed issue other than propensity.

Inwood argues that, even if his prior recent drug use was relevant, it should have been excluded because it was unfairly prejudicial. The district court balanced the probative value of the evidence against the danger of unfair prejudice and found that the evidence was highly probative of knowledge and intent, particularly because Inwood intended to claim that the methamphetamine belonged to someone else--despite his admission that it was methamphetamine and that he had purchased it. The district court recognized that the evidence was not unfairly prejudicial because, given those admissions, there was little risk that the jury would "be tempted to just decide that he has a bad character and so he must be guilty of possessing it." The district court correctly perceived the question of unfair prejudice as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.

## IV.

## CONCLUSION

Inwood has failed to show error in the district court's admission of evidence of his prior drug use under I.R.E. 404(b). Therefore, Inwood's judgment of conviction for trafficking in methamphetamine, possession of drug paraphernalia, and being a persistent violator is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.