101 P.3d 712

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lon O. LAYMON, Defendant–Appellant.**

No. 28641.

Court of Appeals of Idaho.

Nov. 10, 2004.

Rockne K. Lammers, Jerome, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attor-

ney General, Boise, for respondent. Kenneth K. Jorgensen argued.

GUTIERREZ, Judge.

Lon O. Laymon appeals from the district court's order affirming his judgment of conviction for petit theft in the magistrate's division. We affirm.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Laymon was charged with the crime of petit theft in violation of Idaho Code §§ 18–2403 and 18–2407(2). The jury panel summoned for Laymon's trial had previously been summoned the week before to potentially sit on a trial involving Laymon's alleged possession of drug paraphernalia. After the jury had been selected in that case, but before commencement of the trial, the drug paraphernalia possession charge against Laymon was dismissed pursuant to an evidentiary ruling by the court. Nevertheless, during the voir dire portion of Laymon's petit theft trial, a potential juror indicated that she could not serve fairly and impartially because of that drug charge against Laymon. The transcript from the voir dire proceeding contains the following exchange between this potential juror and the trial court:

THE COURT: Okay. For those of you who have not been selected to sit in as the next level of selection, let's go ahead and start with Ms. [ ]. Can you tell me, do you have a particular prejudice or bias for or against one of the parties in this case that would prevent you from serving fairly and impartially?

POTENTIAL JUROR: Well, I was disqualified last week (inaudible) and his drug charge, and because of my son also being convicted of drug charges.

THE COURT: All right. Now you have a son who has been a criminal defendant himself; is that correct?

POTENTIAL JUROR: Yes.

THE COURT: And I take it, from what you're saying, that your son was convicted?

POTENTIAL JUROR: Yes.

THE COURT: All right. Now does his conviction leave you with a state of mind that would prevent you from listening to the facts of this case?

POTENTIAL JUROR: Well, I think I am biased against him already because of the drug relationship (inaudible).

THE COURT: So you have a bias in your mind with respect to Mr. Laymon that would prevent you from acting fair and impartially in this case?

POTENTIAL JUROR: I think so.

THE COURT: You cannot set that aside?

POTENTIAL JUROR: Well, I think he's guilty already. If he's guilty last week, he'll be guilty next week.

The trial court thereafter excused the potential jurors from the courtroom and heard a defense motion for mistrial. The trial court preliminarily denied this motion, electing instead to give the jury a curative instruction. After requesting input from the state and defense counsel, the trial court instructed the jury as follows:

First of all, it is indeed true that Mr. Laymon was scheduled to have a jury trial last week in this courtroom. The fact of the scheduling of trials in this county is something that we struggle with. You are to not consider the fact that there was a trial scheduled last week and one this week, is anything more than a reflection of the way the court's calendar works.

Second, as I told you all earlier, and it is the law of this nation, each person is presumed innocent unless and until they are found guilty by proof beyond a reasonable doubt.

Third, the charge today, as I read to you earlier, is an allegation. It's merely that. It brings the case to trial. The fact of the charge means nothing more than there is a charge. It is not proof of guilt. It is not proof of innocence. It's just the means by which a case gets formed up and brought to trial. The charge today is with respect to a petit theft allegation. It does not involve drugs. There are no allegations of drug use or involvement in this case. And I would be—there will be no discussion of

drugs in this case. The focus is whether or not a petit theft occurred.

Last week's case involving Mr. Laymon and the State of Idaho, indeed, was dismissed by Judge Smyser. The Court issued that ruling after a jury had been selected, but prior to the commencement of the trial. The ruling, as I'm advised by counsel, had to do with Judge Smyser's decision regarding an evidentiary decision that he had to make, specifically with regard to a particular piece of evidence that may or may not come up in that trial. So that case was dismissed, and at this point, you may rest assured that Mr. Laymon was not convicted of anything last week. The matter was dismissed.

In a misdemeanor case when a matter is dismissed, it is dismissed with prejudice. That means the State may not refile that charge.

As voir dire proceeded, the potential juror who made the comments at issue was removed from the panel by peremptory challenge. After jury selection was completed, the trial court again excused the jury and revisited the motion for mistrial. The trial court determined that the curative instruction had solved any problem that may have been created by the potential juror's comments.

During the trial, the state produced evidence and elicited testimony indicating the following course of events: Laymon went to a repair shop and contacted a mechanic with whom he had previously worked. Laymon attempted to borrow money from this acquaintance, but his request was denied. On his way out of the garage, Laymon "bumped over some barrels" near the workspace of a second mechanic and appeared to pick up something. Later that afternoon, the second mechanic realized his Matco brand one-half inch air gun power tool was missing. The first mechanic described to him the area where Laymon had bumped the barrels and appeared to pick up something. The second mechanic determined that it was possible that Laymon had taken the air gun. Accordingly, the second mechanic called a local pawnshop to inquire if anyone had recently pawned an air gun. The owner of the pawn-

shop indicated that a Matco brand air gun matching the description of the missing tool had been pawned earlier that day by Laymon. At the conclusion of the presentation of the evidence, Laymon moved for judgment of acquittal pursuant to Idaho Criminal Rule 29(a). The trial court denied this motion, and the jury found Laymon guilty.

Laymon appealed to the district court and the district court affirmed. Laymon appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

## III.

## ANALYSIS

Laymon contends that the trial court erred in denying his motion for mistrial. A mistrial is appropriate only where there is an error or legal defect in the proceedings, or conduct inside or outside of the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1. On appeal from the denial of a motion for mistrial, the question is whether the event which precipitated the motion represented reversible error when viewed in the context of the full record. *State v. Williams,* 134 Idaho 590, 591–92, 6 P.3d 840, 841–42 (Ct.App.2000). Accordingly, our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion; the denial of a motion for mistrial will be reversed only if that incident, when viewed retrospectively, constituted a reversible error. *Id.*

Although Laymon correctly argues that he enjoys a constitutional right to a trial by an impartial jury, and though we can assume the comments at issue were prejudicial, we note that the right to due process "does not guarantee a defendant an error-

free trial, but a fair one." *State v. Shepherd*, 124 Idaho 54, 58, 855 P.2d 891, 895 (Ct.App. 1993) *citing Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

In *State v. Kilby*, 130 Idaho 747, 947 P.2d 420 (Ct.App.1997), the defendant was charged with the sexual touching or exploitation of children. During voir dire, a potential juror commented that Kilby was a pedophile. The district court dismissed the potential juror and issued a curative statement to the remaining jurors. On appeal, Kilby argued that he did not receive a fair trial because of the potential juror's statement. This Court disagreed, and held that, in the absence of evidence to the contrary, a jury is presumed to follow the instructions given by the district court. Laymon contends that the instant matter is distinguishable from *Kilby* because the trial court's curative warning in this case served only to reinforce the potential juror's statements. Our review of the trial court's curative instruction finds no passage that might reasonably be interpreted as reinforcing the potential juror's statements. The curative instruction clarified that the previous drug charge had been dismissed with prejudice and instructed the potential jurors that their only focus would be to decide whether a petit theft occurred.

Furthermore, as in *Kilby*, there is no evidence that the jury here did not follow the trial court's instructions. The potential juror who uttered the statements at issue was removed, and there is no evidence that her statements had but a passing, inconsequential effect on the remaining pool members. There is also nothing in the record to show that the potential juror's views about the previous week's aborted trial had a continuing impact on Laymon's petit theft trial.

Accordingly, we conclude that Laymon was not deprived of a fair trial because of the potential juror's statements. Indeed, the purpose of voir dire is to discover which, if any, of the potential jurors are unable to meet the demands such service requires. By her comments, the potential juror identified herself as unable to serve. That potential juror was thereafter removed, and the trial court issued a curative instruction. Because there was no continuing impact on the trial, the district court did not err in denying Laymon's motion for mistrial.

Laymon also contends that the trial court erred in denying his I.C.R. 29(a) motion for judgment of acquittal. In particular, Laymon argues that there is a total lack of inculpatory evidence with respect to certain material elements of the crime with which he had been charged. Laymon contends that there is absolutely no evidence that he wrongfully took the air gun or that he intended to permanently deprive the owner of his property. Upon review of the denial of a motion for judgment of acquittal, this Court independently reviews the evidence in the record to determine if reasonable minds could conclude that the defendant's guilt on each material element was proven beyond a reasonable doubt. *State v. Henry*, 138 Idaho 364, 368, 63 P.3d 490, 494 (Ct.App.2003). Furthermore, when such a motion has been denied and the defendant has been found guilty by the jury, all reasonable inferences on appeal are taken in favor of the prosecution. *State v. Willard*, 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct.App.1997). Applying this standard of review, we conclude that the evidence adduced at trial was sufficient to support a finding of guilt beyond a reasonable doubt by a rational trier of fact. The state presented evidence that Laymon was observed appearing to stumble and pick up something at a repair shop; that a tool was discovered missing from that area a short time later; and that Laymon pawned a tool matching the description of the missing tool later that day. This evidence is circumstantial, but whether evidence is circumstantial has no bearing on its value, as long as the jury has been properly instructed on the reasonable doubt standard of proof. *See State v. Sheahan*, 139 Idaho 267, 286, 77 P.3d 956, 975 (2003). We conclude the evidence was sufficient to support the jury's verdict.

## IV.

## CONCLUSION

We conclude that the trial court did not err in denying Laymon's motion for mistrial be-

cause the trial court gave the jury a curative warning and in the absence of evidence to the contrary, we presume a jury follows such instructions. We also conclude that Laymon has not demonstrated that the district court erred in denying his motion for a judgment of acquittal because the state presented evidence sufficient to support the jury's finding of guilt. Thus, the order of the district court, on appeal from the magistrate, affirming Laymon's judgment of conviction is affirmed.

Chief Judge LANSING and Judge PERRY concur.