# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39510

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 350 |
| Plaintiff-Respondent, | Filed: February 6, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| MICHAEL PAUL ANDERSON, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and concurrent unified sentence of five years with one year determinate for one count of aggravated assault and unified ten years with one year determinate for second count of aggravated assault and enhancement, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Kimberly E. Smith argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

GRATTON, Judge

Michael Paul Anderson appeals from the district court's judgment of conviction entered upon a jury verdict finding him guilty of two counts of aggravated assault, Idaho Code §§ 18-901(b), 18-905(a), and a sentencing enhancement for the use of a deadly weapon in the commission of a felony, I.C. § 19-2520. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Anderson was charged with two counts of aggravated assault based on allegations that he threatened two store employees with a knife. During voir dire, one of the potential jurors, Juror 12, stated that he worked as a deputy sheriff and that he oversaw Anderson's housing unit. Anderson moved the district court for a mistrial based on Juror 12's comments, which the court

denied. The district court later dismissed Juror 12 for cause. At the conclusion of the trial, the jury found Anderson guilty of both counts of aggravated assault and a weapon enhancement for use of a knife in the commission of the crime. The district court imposed a unified term of five years with one year determinate for the first count of aggravated assault and a concurrent unified term of ten years with one year determinate for the second count of aggravated assault and the weapon enhancement. Anderson timely appeals.

## II.

## ANALYSIS

Anderson claims that the district court erred by denying his motion for a mistrial based on Juror 12's comments. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

State v. Urquhart, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

A defendant must demonstrate prejudice when alleging a violation of his presumption of innocence. State v. Slater, 136 Idaho 293, 301, 32 P.3d 685, 693 (Ct. App. 2001). As part of the presumption of innocence, a criminal defendant is not compelled to attend trial in prison or jail clothing as it could present a continuing interference with the presumption of innocence. Id.; see also Estelle v. Williams, 425 U.S. 501, 504 (1976) (attaching significance to the clothing as a constant reminder to the jury of the defendant's incarceration). This has been extended to the appearance of defendants at trial in handcuffs or shackles. Id. "Many jurisdictions have likewise held or implied that informing the jury that a defendant is in jail is improper because it may raise an inference of guilt." State v. Harrison, 136 Idaho 504, 506, 37 P.3d 1, 3 (Ct. App. 2001).

2

While referring to continued custody may be error, it does not present as high of a risk of prejudice as dressing the defendant in prison clothing because it is a single point in time statement rather than a continual reminder of the defendant's presence in custody. *Id.* at 507, 37 P.3d at 4.

A juror's expression of his own opinion of the case during voir dire does not render the juror impartial. "A juror is presumed to be impartial." *State v. Ellington*, 151 Idaho 53, 69, 253 P.3d 727, 743 (2011).

> [T]he Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury, so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case.

*Id.* (quoting *Ross v. Oklahoma*, 487 U.S. 81, 86 (1988).

A response to voir dire questioning must have a lasting impact for there to be prejudice. *State v. Laymon*, 140 Idaho 768, 771, 101 P.3d 712, 715 (Ct. App. 2004). The purpose of voir dire is to ascertain any knowledge or biases of veniremembers. This process generally communicates the potential juror's bias or knowledge to the rest of the jury. This may reflect poorly on the defendant, but removing the potential juror benefits the defendant. In *Laymon*, in response to the trial court's questioning, a potential juror stated: "Well, I think he's guilty already. If he's guilty last week, he'll be guilty next week." *Id.* at 769, 101 P.3d at 713. The potential juror was removed, and the trial court issued a curative instruction. This Court affirmed the denial of a mistrial because "there was no continuing impact on the trial." *Id.* at 771, 101 P.3d at 715. *See also Ellington*, 151 Idaho at 68-70, 253 P.3d at 742-44 (stating that three potential jurors expressing opinions of the defendant's guilt was insufficient to overcome the presumption that the jury was impartial, where the potential jurors did not sit on the jury panel and the court instructed the impaneled jury to decide the case based only on the evidence presented in the courtroom).

It is presumed that the jury obeys the trial court's instructions to disregard statements. *State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989). This presumption can be overcome with a showing that there is an "overwhelming probability" the jury cannot follow the instruction and the evidence is "devastating" to the defendant. *State v. Hill*, 140 Idaho 625, 631, 97 P.3d 1014, 1020 (Ct. App. 2004) (citing *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987)). In

3

*Hill*, the prosecutor referred to the defendant's custody in jail while questioning a witness. The defendant objected. The trial court sustained the objection, denied the motion for a mistrial, and directed the jury to disregard the statement. This Court stated:

> [T]he prosecutor's disclosure to the jury that [the defendant] had been in jail could hardly be characterized as "devastating." Given that [the defendant] was on trial for a criminal offense, even in the absence of the prosecutor's question, any reasonably knowledgeable juror likely would have surmised that [the defendant] had at some point been in jail.

*Hill*, 140 Idaho at 631, 97 P.3d at 1020. Thus, the denial of the mistrial was affirmed. *Id.*

In the instant case, the district court asked the venire if anyone had personal knowledge about the case and the following statements arose:

JUROR 12:    I am an Ada County deputy sheriff. I've been involved in the defendant's incarceration. So just letting you know.
COURT:    Thank you, [Juror 12]. So you have some personal knowledge of the case?
JUROR 12:    I don't know anything about the case. I've just--he's been in my housing unit before. So I want to put that out there.

Thereafter, Anderson requested a sidebar and moved the district court for a mistrial because Juror 12's comments informed the venire that he had been arrested and in custody. The district court denied the motion, finding that the jury pool was not tainted because the State would be presenting evidence that Anderson was, in fact, arrested. Additionally, the district court provided the venire with a curative instruction:

> Ladies and Gentlemen of the Jury, you just heard Juror No. 13 (sic) make a statement concerning his knowledge of the defendant. There will be evidence in this case that the defendant was arrested and taken to jail. It's a criminal case. That is not in itself evidence of his guilt; it will be simply one of the facts that comes out during trial. And you're not to use that fact as evidence of guilt. So that--please do not--as I said, the defendant enjoys the presumption of innocence, so the mere fact that he was arrested does not mean he was guilty of anything at all, merely that someone brought a charge.

On appeal, Anderson contends that the district court erred because Juror 12's comments were prejudicial and should have resulted in a mistrial. First, Anderson argues the comments could have been interpreted to indicate that he was incarcerated at the time of trial for the crimes he was charged with which would create an inference of guilt, and thus, be prejudicial. Second, Anderson claims the comments could have been interpreted to indicate that he was incarcerated

4

for a different offense prior to his current charge. He asserts that this interpretation would be an impermissible reference to a prior conviction and could induce the jury to find him guilty based on criminal character.[1] In the alternative, Anderson contends that even if Juror 12's comments were not sufficient to establish prejudice, comments made by another potential juror and the district court following the mistrial motion should be considered in determining whether the jury pool was impermissibly prejudiced.

We conclude Anderson has failed to demonstrate error in the denial of his mistrial motion. First, Juror 12 did not sit on the jury as he was excused for cause. Second, the district court provided the jury pool with a curative instruction. We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). Anderson has failed to demonstrate that there was an overwhelming probability that the jury could not follow the district court's instruction or that Juror 12's comments were devastating to him. Even considering both proposed interpretations of Juror 12's comments, Anderson is unable to show that the comments created a continual impact at trial or a "devastating" effect necessary to establish prejudice.[2] Third, evidence was presented at trial indicating that Anderson had been

---

[1]    At oral argument, Anderson contended that the district court did not address the second interpretation--that Juror 12's comments inferred that Anderson had been previously incarcerated for a different offense. However, had the court addressed the comment as an inference of a prior incarceration, the court would have highlighted that inference rather than the more logical inference that Anderson was incarcerated for the presently charged offense. The district court's instruction indicated that there would be evidence presented that Anderson was arrested for the charged offense and that evidence was in fact presented to the jury. The district court's instruction informed the jury not to consider Anderson's incarceration for the charged offense as evidence of his guilt. Additionally, the district court's decision not to highlight the second interpretation led the jury away from considering Juror 12's comments as an inference that Anderson was incarcerated for a prior offense. The subsequent evidence of incarceration for the charged offense further dispelled any inference that the comment related to a past incarceration.

[2]    Anderson makes several additional arguments in an attempt to establish prejudice. First, Anderson argues that a statement by the district court demonstrates that the court was concerned that Juror 12's statements warranted a mistrial. In response to the State's request to further question Juror 12 regarding arrest procedures, the court stated, "You want to educate the rest of the jury by questioning him, and you're going to find another way to educate them. I don't want to have a mistrial, and I'm quite concerned that we might." When read in context, the district court was not stating that Juror 12's past comments warranted a mistrial, but was simply concerned that further questioning of Juror 12 could provide additional statements that could

5

arrested and incarcerated in the Ada County jail. Two police officers testified that they responded to a call regarding a man threatening store employees with a knife. The officers identified Anderson as the subject of their investigation and testified that they detained him, placed him in custody, and transported him to the jail. Therefore, the jury, through evidence presented without objection, knew that at some point Anderson was arrested and incarcerated. Thus, the jury's knowledge during voir dire that Anderson had been incarcerated cannot be characterized as "devastating" and certainly had no continual prejudicial impact since the jury was privy to that information during the trial. Accordingly, Anderson has failed to demonstrate that Juror 12's comments prejudiced the jury.

As to Anderson's alternative argument, he contends that statements made by another potential juror and the district court compounded the prejudice that resulted from Juror 12's comments, and therefore, the district court should have declared a mistrial. During voir dire, but after Anderson's motion for mistrial was denied, the State questioned Juror 32, who stated that she was very biased and had no use for people with a victim mentality. She further stated that if Anderson challenged the State's evidence, she would consider that to be a victim mentality and she did not think that was the way the legal system was meant to work. Juror 32 did not sit on the jury and Anderson did not renew his motion for mistrial based on these comments. Additionally, during voir dire, the State mentioned that it would call witnesses to the stand that were victims. Defense counsel objected to the characterization of the witnesses as victims. The district court overruled the objection, but informed the State that "I do my best to refer to them as alleged victims, because that's what they are until the close of the evidence." Anderson did not renew his motion for mistrial.

On appeal, Anderson claims that Juror 32's comments regarding the legal system and whether or not he should be allowed to assert his innocence prejudiced the jury pool to the extent

---

have necessitated a mistrial. Second, Anderson argues that the district court's failure to immediately remove Juror 12 for cause may have indicated to other potential jurors that the comments were not problematic, thereby inducing them to refuse to speak up concerning their biases. This argument is purely speculative. Third, Anderson claims that the district court should have declared a mistrial because Juror 12's comments occurred early in the proceedings. He provides no authority to support this claim.

that the prior motion for mistrial should have been granted.[3] Further, he claims that the district court's statements regarding referring to victims as alleged victims until the close of evidence naturally implied that the district court believed that, by the close of evidence, the alleged victims would be proven to be actual victims of the defendant. Therefore, Anderson claims that the district court's statement implied that he would be shown to be guilty at the end of the trial. Thus, he contends that the prejudice that resulted from the statements of Juror 32 and the district court, combined with Juror 12's comments, tainted the jury pool. The State contends that the comments by Juror 32 and the district court are irrelevant to a determination of whether or not Juror 12's comments established prejudice for the purpose of declaring a mistrial and, moreover, do not establish a continuing prejudicial impact.

As discussed above, when considering a motion for a mistrial, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. *Urquhart*, 105 Idaho at 95, 665 P.3d at 1105. Anderson interprets this to mean that, on appeal, this Court should consider all potentially prejudicial errors in the "full record" to determine whether a mistrial should have been granted.[4] Anderson misconstrues our standard. When the district court is presented with a motion for mistrial, the district court considers the record as it existed at the time the motion was made. On appeal, this Court considers the "event which precipitated the motion" and determines if the event constituted reversible error. We consider the continuing impact the event had on the trial, but we do not aggregate all alleged errors occurring thereafter on the record that are unrelated to the precipitating event. The comments made by Juror 32 and the district court, which in no way resulted from or related to the comments made by Juror 12, which were not the subject of a renewed motion, have not been shown to have rendered a tainted jury, or that the motion for

---

[3] Additionally, Anderson claims that since Juror 32 was not excused for cause, it conveyed to other members of the jury pool that Juror 32's bias was acceptable and that the remaining jurors did not need to bring up any similar biases. This assertion is, again, speculative.

[4] Anderson points to *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007), for support. In *Field*, the Idaho Supreme Court, based on the cumulative error doctrine, determined that the combination of improperly-joined offenses, admission of out-of-court statements, admission of bad-acts testimony, and prosecutorial misconduct constituted reversible cumulative error. However, Anderson is not arguing on appeal that the cumulative error doctrine applies.

7

mistrial should have been granted. To the extent that Anderson is claiming the district court should have sua sponte declared a mistrial based on those comments, we refuse to address the issue as legal authority and argument is lacking.

## III.

## CONCLUSION

Anderson has failed to demonstrate reversible error. Accordingly, the district court's judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**