**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43168**

| | |
|---|---|
| **EARL JOHN O'DANIEL,** | ) **2016 Unpublished Opinion No. 702** |
| | ) |
| **Petitioner-Appellant,** | ) **Filed: September 23, 2016** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **STATE OF IDAHO,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Respondent.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Earl John O'Daniel, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Earl John O'Daniel appeals from the district court's judgment summarily dismissing O'Daniel's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After a jury trial, O'Daniel was found guilty of sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A. The district court sentenced O'Daniel to a unified term of twenty years, with a minimum period of confinement of five years, to be served concurrently with another sentence. He filed a direct appeal challenging his sentence, and this Court affirmed his sentence. *State v. O'Daniel*, Docket No. 40692 (Ct. App. Sept. 4, 2013) (unpublished).

Following the decision in his direct appeal, O'Daniel filed a pro se petition for post-conviction relief alleging various claims of error. The district court appointed counsel to

1

represent O'Daniel on his post-conviction petition. The State then filed its answer as well as a motion for summary dismissal. After a hearing, the district court granted the State's motion and summarily dismissed O'Daniel's post-conviction petition. O'Daniel filed a timely notice of appeal and was appointed counsel to represent him on appeal. Counsel later filed a motion to withdraw, which was granted. O'Daniel proceeds on appeal pro se.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

2

appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

O'Daniel's post-conviction claims are premised largely on allegations of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the test. *Roman*, 125 Idaho at 649, 873 P.2d at 903.

O'Daniel first asserts the district court erred in summarily dismissing his ineffective assistance of counsel claim based upon his attorney's failure to call six specific witnesses during the hearing on the motion for a new trial. The district court dismissed this claim on the basis that O'Daniel did not allege sufficient facts to make a prima facie case under either *Strickland* prong.

3

To survive summary dismissal, the petitioner must allege facts based on evidence that would be admissible at an evidentiary hearing. *Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 263, 369 (2008). This would include written statements regarding witnesses who could give testimony as to facts within their knowledge. *Id.* In his petition, O'Daniel did not allege any facts regarding what testimony the six specific witnesses might have offered. Nor did O'Daniel provide any written statements from those witnesses. Absent any evidence regarding the expected testimony from those witnesses, O'Daniel cannot establish a reasonable probability that the outcome of the trial would have been different. Thus, the district court did not err in dismissing this claim.

O'Daniel next asserts the district court erred in summarily dismissing his claim that trial counsel did not conduct adequate pretrial investigation. The district court dismissed this claim on the basis that O'Daniel's claim did not allege sufficient facts to satisfy either prong of *Strickland*. In his petition, O'Daniel merely asserted that his attorney's deficient performance denied O'Daniel due process. O'Daniel's bare claim does not allege any facts as to what the attorney did or did not do to constitute inadequate investigation. Nor does O'Daniel allege any facts showing he was prejudiced by the purported deficiency. For the first time on appeal, O'Daniel argues he will be able to provide affidavits from his actual trial witnesses attesting that they only met with trial counsel one time before trial. He contends these affidavits "will show trial counsel did not have an adequate trial strategy in place."

The factual allegation that trial counsel met with witnesses only once is not properly before us for consideration. The time for alleging such facts was before the district court in the application for post-conviction relief. *See Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). Moreover, this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Absent any factual evidence suggesting that trial counsel's preparation was objectively inadequate, we decline to second-guess trial counsel's strategy in preparing for trial. O'Daniel has not alleged sufficient facts to make a prima facie showing of ineffective assistance on this claim. Thus, the district court properly dismissed the claim.

Finally, O'Daniel asserts the district court erred in summarily dismissing O'Daniel's claim that he was denied due process when "the [trial] court failed to determine whether [a

4

prospective juror] polluted the prospective jurors." In his petition, O'Daniel provided a transcript of the relevant portion of the voir dire hearing, wherein a prospective juror was held in contempt and fined after stating she was unable to be fair and impartial because she would "like to see the people get castrated" and that if a girl is under eighteen, "he ought to be hung." The district court considered this post-conviction claim on two alternate grounds: first, as a stand-alone claim of error; and second, as a claim of ineffective assistance of trial counsel.

As to the district court's consideration of the issue as a stand-alone claim of error, the district court found that because this issue could have been brought on direct appeal, it was not properly before the court as a post-conviction claim. The scope of post-conviction relief is limited. *Knutsen*, 144 Idaho at 438, 163 P.3d at 227. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). Because this issue could have been brought on direct appeal as a claim that the trial court erred by not declaring a mistrial, the district court did not err in dismissing this claim on that basis.

As to the district court's consideration of the issue as an ineffective assistance of counsel claim, the court construed O'Daniel's allegations as argument that trial counsel was deficient for failing to move for a mistrial after the prospective juror's remarks. In dismissing the claim on this basis, the district court found that O'Daniel did not allege sufficient facts to establish that the motion would have been granted if pursued. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). To prevail on a motion for mistrial, O'Daniel would have had to show that he was actually prejudiced as a result of the juror's conduct. *See State v. Slater*, 136 Idaho 293, 301, 32 P.3d 685, 693 (Ct. App. 2001).

To the extent that O'Daniel argues the prospective juror's comments were sufficiently outrageous that prejudice of the jury pool can be assumed absent evidence of actual prejudice, we disagree. We have previously held that a juror's response to voir dire questioning must have a lasting impact on the jury pool before a court will find prejudice. *State v. Laymon*, 140 Idaho 768, 769, 101 P.3d 712, 713 (Ct. App. 2004) (finding no lasting impact where prospective juror

5

stated, "I think he's guilty already. If he's guilty last week, he'll be guilty next week."); *State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997) (finding no lasting impact where prospective juror called defendant a pedophile). O'Daniel has not alleged any facts to show that the prospective juror's remarks had a lasting impact on the jury pool, as required for a prima facie showing of prejudice as required under *Strickland*. Therefore, the district court did not err in summarily dismissing this claim.

## III.

## CONCLUSION

O'Daniel did not allege sufficient facts to make a prima facie showing of ineffective assistance of counsel on any of his post-conviction claims. Moreover, his claim that the trial court erred by not declaring a mistrial after the prospective juror's remarks is barred, as it could have been brought on direct appeal. Accordingly, we affirm the district court's judgment summarily dismissing O'Daniel's claims for post-conviction relief.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.