58 P.3d 97

**STATE of Idaho,**

v.

**Patricia Marie TEASLEY.**

No. 27323.

Court of Appeals of Idaho.

Sept. 30, 2002.

Douglas D. Phelps, Spokane, Washington, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

GUTIERREZ, Judge.

A jury found Patricia Marie Teasley guilty as an accessory for harboring a felon, Idaho Code § 18–205. Teasley appeals, arguing the district court erred by incorrectly instructing the jury on the elements for a charge of harboring a felon and by failing to instruct the jury regarding Teasley's right to require a valid search warrant. Teasley also argues it was error to admit evidence of Teasley's prior bad act and that the accumulation of errors in the trial prevented Teasley from having a fair trial. We affirm Teasley's judgment of conviction.

## I.

### FACTS AND PROCEDURAL HISTORY

Teasley and her daughter, Jennifer Rockwell, each rented apartments in the same house located at 6320 Arizona Street in Bonners Ferry, Idaho. Teasley rented the second floor apartment in the house, and Rockwell rented the first floor apartment.

Law enforcement officers sought Teasley's son, Dale D. Reed, based on an arrest warrant for first degree robbery issued in Spokane County, Washington. Officers approached the house and asked Rockwell if they could search her residence. She consented to the search, but did not consent to a search of all areas of her apartment. The officers did not find Reed, but were suspicious that Reed was in an area in the apartment to which Rockwell refused access. After the search, one officer left to obtain a search warrant and one officer stayed outside the house.

Teasley arrived at the house and an officer informed her of the situation. She denied that Reed was in the house. The officers obtained a search warrant to search the house located at 6320 Arizona Street. The search warrant stated that Reed was a fugitive from the State of Washington for the offense of first degree robbery. The officers first searched Rockwell's apartment and did not find Reed. Rockwell went upstairs and showed Teasley a copy of the search warrant. The officers requested entry into Teasley's apartment, which she initially refused, stating that the search warrant did not cover her apartment in the house. After the officers told Teasley that they would enter her apartment forcibly, she allowed their entry. The officers found Reed sitting on Teasley's couch.

## II.

### JURY INSTRUCTIONS

Whether the district court properly instructed the jury is a question of law over which this Court exercises free review. *State v. Bush,* 131 Idaho 22, 32, 951 P.2d 1249, 1259 (1997); *State v. Buckley,* 131 Idaho 179, 182, 953 P.2d 619, 622 (Ct.App.1997), *aff'd by* 131 Idaho 164, 953 P.2d 604 (1998). On appeal, we view jury instructions as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Row,* 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998); *State v. Rozajewski,* 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). The court is required to provide instructions on all matters of law necessary for the jury's information. I.C. § 19–2132(a); *State v. Patterson,* 126 Idaho 227, 230, 880 P.2d 257, 260 (Ct.App.1994). The court should not use an instruction, however, that misleads the jury or misstates the law, as it is reversible error.

*See State v. Humpherys,* 134 Idaho 657, 659, 8 P.3d 652, 654 (2000); *State v. Merwin,* 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998); *State v. Hanson,* 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App.1997).

The crime of harboring a felon is defined in I.C. § 18–205 as follows:

> **18–205. Accessories defined.**— All persons who, having knowledge that a felony has been committed, willfully withhold or conceal it from a peace officer, judge, magistrate, grand jury or petit jury, or harbor and protect the person charged with or convicted thereof, are accessories.

The statute defines two types of accessories. The first type of accessory is one who willfully withholds or conceals a felony from law enforcement. The second type of accessory is one who harbors or protects a person charged with, or convicted of, a felony. In both types of accessories, the person must have "knowledge that a felony has been committed." Teasley was charged with the second type. Teasley argues that the statute requires Teasley have actual knowledge that Reed had committed a felony before a jury may find her guilty as an accessory for harboring a felon. The state argues that the statute requires only that Teasley have knowledge that Reed has been charged with, or convicted of, a felony. As we determine that Teasley's interpretation of the statute would lead to an absurd result, we agree with the state.

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). This Court will assume that the legislature meant what is clearly stated in the statute unless the result is "palpably absurd." *Id.* at 462, 988 P.2d at 688. Where ambiguity exists as to the elements or potential sanctions of a crime, this Court will strictly construe the statute in favor of the defendant. When the Court must engage in statutory construction, it has the duty to ascertain legislative intent and give effect to that intent. To ascertain the intent of the legislature, we examine the literal words of the statute, the content of the words, the public policy behind the statute and its legislative history. *Id.*

The text of the statute plainly requires that an accessory have knowledge on some level that a felony has been committed. To interpret the statute, however, to mean that the state must prove that a person had *actual* knowledge the accused had committed a felony, leads to an absurd result. Although the legislative history of the statute does not address its purpose, presumably the legislature passed the statute to aid law enforcement in the apprehension of felons. To require the state to prove a person had actual knowledge a felony had been committed would eviscerate the intent of the statute. Under this interpretation, a person could have knowledge that the accused had been charged with, or convicted of a felony, harbor and protect the accused, and still not be held criminally responsible because that person didn't actually *know* that the accused had committed the felony. The purpose of the statute would be circumvented by the person's belief that, even though the accused was being pursued by law enforcement, the accused was innocent of the felony. We conclude that the appropriate interpretation of the statute for the second type of accessory is that the knowledge requirement is met if the person had *notice* that the accused was charged with, or convicted of, a felony.

Instruction 19 stated the elements of harboring a felon to the jury as follows:

> The elements of the crime of HARBORING A WANTED FELON with which the Defendant PATRICIA MARIE TEASLEY, is charged, are:
>
> —That on August 31, 2000,
>
> —In Boundary County, State of Idaho,
>
> —the Defendant PATRICIA MARIE TEASLEY,
>
> —with knowledge that Dale Delmont Reed was charged with, or convicted of a felony,
>
> —willfully harbored and protected Dale Delmont Reed.

This instruction requires that the jury determine Teasley had knowledge that Reed was charged with, or convicted of a felony, to be found guilty for harboring a felon. As this instruction comports with our interpretation

of I.C. § 18–205, we determine the district court did not err in providing this instruction to the jury.

Teasley also argues that the district court should have instructed the jury regarding Teasley's right to require a valid search warrant. Teasley did not request such an instruction at trial. A defendant may not challenge on appeal the failure to give a jury instruction which was never requested, absent fundamental error. *State v. Gomez*, 126 Idaho 83, 85, 878 P.2d 782, 784 (1994); *State v. Eastman*, 122 Idaho 87, 90–91, 831 P.2d 555, 558–59 (1992). Fundamental error is error which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process. *Gomez*, 126 Idaho at 85, 878 P.2d at 784. We note that Teasley does not argue that the failure to give the instruction constituted fundamental error. Moreover, Teasley had the opportunity to, and did, argue at trial that the search warrant was not valid for the search of Teasley's apartment in the residence and that she protested the search for that reason. We determine Teasley has failed to show fundamental error in the district court's failure to give a search warrant instruction.

## III.

## PRIOR ACT EVIDENCE

In determining the admissibility of evidence of other acts to prove a defendant acted in conformity with his character under Idaho Rule of Evidence 404(b), this Court applies a two-tiered analysis. *State v. Whipple*, 134 Idaho 498, 504, 5 P.3d 478, 484 (Ct.App.2000). First, the evidence must be relevant to a material disputed issue concerning the crime charged, other than to the defendant's character or propensity. Second, the probative value of the evidence must not be substantially outweighed by unfair prejudice. *Id.*

In application of the first tier of the analysis, whether evidence is relevant is an issue of law. Therefore, we exercise free review of the trial court's relevancy determination. In application of the second tier of the analysis, whether the probative value of evidence is substantially outweighed by unfair prejudice is determined in the district court's discretion. Thus, we use an abuse of discretion standard in applying the second tier of the analysis. *Id.* When a district court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the district court reached its decision by an exercise of reason. *State v. Grube*, 126 Idaho 377, 381, 883 P.2d 1069, 1073 (1994); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The state argues that Teasley failed to object to the admission of the prior act evidence. If an objection is not raised below, it may not be considered for the first time on appeal. *State v. Norton*, 134 Idaho 875, 11 P.3d 494 (Ct.App.2000). For an objection to be preserved for appellate review, the specific ground for the objection must be clearly stated. I.R.E. 103(a)(1); *Norton*, 134 Idaho at 880, 11 P.3d at 499. Objecting to the admission of evidence on one basis does not preserve a separate and different basis for exclusion of the evidence. *Norton*, 134 Idaho at 880, 11 P.3d at 499. As a Rule 404(b) objection is a relevance objection, the defendant's general relevance objection regarding the admission of a prior act preserves the issue for review under the Rule. *State v. Avila*, 137 Idaho 410, 49 P.3d 1260, 1262–63 (Ct.App.2002). Thus, Teasley's objection regarding relevance of the prior act sufficiently raised the issue for review under Rule 404(b).

During Teasley's cross-examination, the state asked Teasley whether she had ever been asked by law enforcement to identify Reed and refused to do so. Teasley objected to the line of questioning as irrelevant to the case. The court determined that the prior act testimony went to "the issue of contact with Chief Kramer or other officers." Teasley then testified that she had not tried to misidentify Reed to law enforcement. In

rebuttal, the state called an officer who stated that approximately eight and one-half months before the date of the current incident, there was a warrant out for Reed's arrest. The officer approached Teasley and asked her if her son was in a nearby car in a Safeway parking lot. Teasley allegedly misidentified Reed by using a different nickname for him, leading the officer to believe he was not in the car. Reed was later determined to have been the person in the car. The state used this evidence in closing arguments to attack Teasley's credibility.

The record does not clearly indicate for what purpose the state offered the prior bad act evidence. The district court stated that the reason for admission of the testimony was to show Teasley's contact with law enforcement. The prior act evidence was presumably offered, at least in part, to show that Teasley lied to law enforcement on a prior occasion and thus, was likely to do it again. This falls under propensity evidence squarely prohibited by Rule 404(b), unless it is admissible for another purpose as described in the Rule.

■ We must determine whether the evidence is relevant based on the theory the district court relied upon in making its decision. *State v. Cochran*, 129 Idaho 944, 948, 935 P.2d 207, 211 (Ct.App.1997); *State v. Medrano*, 123 Idaho 114, 119, 844 P.2d 1364, 1369 (Ct.App.1992). We conclude that the district court's purpose in admitting the evidence to show "contact" with law enforcement was not relevant to a material and disputed issue at trial. Thus, the district court used an improper relevancy determination in balancing the probative value of the evidence against its prejudicial value.[1] *Cochran*, 129 Idaho at 948, 935 P.2d at 211; *Medrano*, 123 Idaho at 119, 844 P.2d at 1369. Moreover, the record does not show that the district court then conducted any balancing test under Rule 403 in making its final admissibility determination.

Accordingly, we conclude that the evidence was not relevant pursuant to the district court's rationale for its admission. Further-more, the district court abused its discretion by failing to consider the prior bad act evidence under any recognized exception under Rule 404(b) and by failing to conduct a balancing test for the admission of such evidence.

■ An error is considered harmless if this Court determines beyond a reasonable doubt that the jury would have reached the same result despite the error. *State v. Trejo*, 132 Idaho 872, 879, 979 P.2d 1230, 1237 (Ct.App.1999); *State v. Miller*, 131 Idaho 288, 293, 955 P.2d 603, 608 (Ct.App.1997); *State v. Hudson*, 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996). In this case, we conclude the district court's admission of the prior act evidence was harmless. The other evidence sufficiently showed that Teasley was guilty as an accessory for harboring a felon. Teasley had notice that Reed was charged with a felony by her review of the search warrant which described Reed as being a fugitive for the offense of first degree robbery. With this knowledge, Teasley tried to keep law enforcement from apprehending Reed in her residence. We determine beyond a reasonable doubt the jury would still have found Teasley guilty regardless of the admission of the prior bad act evidence.

## IV.

### CUMULATIVE ERROR DOCTRINE

■ Under the cumulative error doctrine, even when individual errors are deemed harmless, an accumulation of such errors may deprive a defendant of a fair trial. *State v. Hawkins*, 131 Idaho 396, 407, 958 P.2d 22, 33 (Ct.App.1998). For the cumulative error doctrine to apply, however, the district court must have made more than one error. *See id.* In this case, we have determined that the district court made one error. Thus, the cumulative error doctrine does not apply.

## V.

### CONCLUSION

The district court correctly instructed the jury that Teasley was required to have

1. We note that the state now argues on appeal that the evidence was offered to show intent, common plan or scheme, and absence of acci-dent or mistake. These theories were not, however, the basis for the district court's decision to admit the prior bad act evidence.

knowledge that Reed was charged with, or convicted of a felony, to be found guilty as an accessory for harboring a felon. The district court's admission of prior act evidence to show "contact" with law enforcement was error. The error was harmless because this Court finds beyond a reasonable doubt the jury would have reached the same result even if the "prior act" evidence had not been admitted. We will not address Teasley's argument that the district court should have instructed the jury regarding a valid search warrant because Teasley failed to request such an instruction. Finally, the cumulative error doctrine does not apply to this case because we have determined in our review that only one error has occurred. Accordingly, we affirm Teasley's judgment of conviction.

Chief Judge PERRY and Judge Pro Tem WILPER, concur.